857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances C. McINTYRE, Attorney-Appellant, Cross-Appellee,
Daria N. Schlega, Attorney, Cross-Appellee,
v.
MICHIGAN STATE UNIVERSITY, Cecil Mackey, James Sheppard, and
Robert Asman, Jointly and Severally,
Defendants-Appellees, Cross-Appellants.
 No. 87-1741, 87-1742.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Attorney-appellant Frances McIntyre appeals from the judgment of the United States District Court for the Western District of Michigan awarding defendant Michigan State University $1,500 in attorney fees under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927 for McIntyre's failure to make an adequate investigation of the law before filing suit. Defendant Michigan State University cross-appeals the judgment denying imposition of fees against McIntyre's co-counsel Daria Schlega and also cross-appeals the judgment against McIntyre as insufficient.
 
 
 2
 This action for attorney fees arose out of a civil rights action filed by plaintiff Bynum with McIntyre acting as counsel. Specifically, Bynum alleged that he was discriminatorily disciplined and passed over for promotion due to his race. During discovery, the client-attorney relationship between Bynum and McIntyre deteriorated, which McIntyre argues was caused by McIntyre's insistence that Bynum drop the suit. Shortly thereafter, Bynum sought additional assistance from attorney Schlega, and Schlega filed a notice of appearance with the court as well as an agreement between herself and McIntyre stipulating Schlega as co-counsel. Schlega was present during Bynum's depositions but did not participate actively. During Bynum's depositions it was revealed that he had a poor work record and had lied on his University job application. McIntyre then sought permission to withdraw, and three months later attorney Dillard filed a notice of appearance on behalf of Bynum. Schlega's role in the interim was a passive one, and she did not file any papers or participate actively in representing Bynum. Dillard subsequently convinced Bynum to drop the suit, and Bynum did not oppose defendant University's motion for summary judgment in the spring of 1986. Summary judgment was granted by the district court on July 21, 1986.
 
 
 3
 Defendnat University then filed a motion for fees and costs against attorneys McIntyre and Schlega and against Bynum. The district court awarded $1,500 in fees against McIntyre pursuant to Rule 11 and 28 U.S.C. Sec. 1927 and $500 in fees against Bynum under Rule 11, but declined to impose sanctions against Schlega. Attorney McIntyre appeals the award, alleging that imposition of the sanction was improper. Defendant University cross-appeals, arguing that substantially greater fees should have been assessed against both McIntyre and Schlega under 28 U.S.C. Sec. 1927, 42 U.S.C. Sec. 2000(e)-5(k), and 42 U.S.C. Sec. 1988, and that further fees should be assessed against McIntyre under Rule 11. Cross-appellee Schlega files a brief in support of the district court's judgment.
 
 
 4
 While the record and findings could have easily supported a larger award of attorney fees against appellant McIntyre, it is apparent that Chief Judge Douglas W. Hillman took a wide variety of factors into account in reaching his final determination. Given his close proximity and familiarity with the entire proceedings, we are unable to hold that the award of only $1,500 in attorney fees against McIntyre was an abuse of discretion or otherwise impermissible. We similarly conclude that his findings of fact and reasoning with respect to co-counsel Schlega fully support his determination not to impose attorney fees against her.
 
 
 5
 Accordingly, for the reasons set forth in the opinion of Judge Hillman filed in the district court on June 22, 1987, the judgment of the district court is AFFIRMED.